UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

**Civil Action Number:**

JESUS GONZALEZ

    Plaintiff,
vs.

MOJO DONUTS SOUTH MIAMI LLC
d/b/a Mojo Donuts and
THE SHOPS AT BIRD ROAD NO 2

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Mojo Donuts South Miami LLC doing business as a Mojo Donuts located at 8870 SW 40 Street and Defendant The Shops at Bird Road No 2 for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2. Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

1

3. Defendants are conducting business within the State of Florida and within the jurisdiction of this court.

## PARTIES

4. Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff has a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D). Plaintiff is a "tester" for determining whether Defendants are in compliance with the ADA and the ADAAG.

5. Defendant Mojo Donuts South Miami LLC (also referenced as "Defendant Mojo Donuts," "operator," lessee" or "co-Defendant") is a Florida for-profit corporation and a franchise operator of the Mojo Donuts fast-food bake shop and cafe franchise located at 8870 SW 40 Street, Miami Florida 33165, which is the subject of this action.

6. Defendant The Shops at Bird Road No. 2, is a Florida partnership (also referenced as "Defendant Bird Road Shops," "lessor," "owner," or "co-Defendant") is the owner of Folio 30-4021-000-0271, which represents real property located at 8870 SW 40 Street, Miami Florida 33165. Defendant Bird Road Shops' real property is a commercial property which houses an insurance agency office, the Paco's Bocateria restaurant, and the subject Mojo Donut bake shop and café, all of which are open to the general public.

## FACTS

7. At all times material hereto, Defendant Mojo Donuts has been leasing commercial space within Defendant Bird Road Shops' real property to co-Defendant Mojo

Donuts whom in turn has been operating its Mojo Donuts bake shop and café within that leased space.

8. Defendant Mojo Donuts bake shop and café specializes in creating, baking, and selling gourmet donuts. While many customers purchase Mojo donuts as take-away, the bake shop has a café element, where customers can sit and eat a donut within the shop. Since Mojo Donuts serves sells baked goods and is open to the general public it is a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) as "[A] restaurant, bar, or other establishment serving food or drink" and pursuant to 42 U.S.C. §12181(7)(E) as a bakery. The Mojo Donut bake shop and café which is the subject to this action is also referred to as "Mojo bake shop and cafe," "Mojo Donuts," "bake shop and cafe," or "place of public accommodation."

9. As the owner/operator of Mojo Donuts which is open to the public, Defendant is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns and operates an establishment serving food and drinks (42 U.S.C. §12182, §12181(7)(B)) and a bakery (42 U.S.C. §12182, §12181(7)(E)); 28 C.F.R. §§36.104(2) & (5).

10. As the owner of commercial real estate, part of which is leased for use as a bake shop and cafe open to the general public, Defendant Bird Road Shops is also defined as a "Public Accommodation" within meaning of Title III 42 U.S.C. §§12182, §§12181(7)(B) & (E); 28 C.F.R. §§36.104(2) & (5).

11. Due to the close proximity of the Mojo Donuts bake shop and cafe to Plaintiff's home, on August 29, 2021 Plaintiff went to the bake shop and cafe with the intent of purchasing a donut and eating that donut within the café portion of the establishment.

12. On entering Mojo Donuts, Plaintiff had difficulty parking and perambulating to the entrance due to the uneven surface of the pavement/asphalt. While dining/attempting to dine in the seating area provided and on occasion to visit the restroom, Plaintiff met multiple areas of inaccessibility due to the fact that he uses a wheelchair for mobility.

13. While Plaintiff had purchased and ate donuts from Mojo Donuts, Plaintiff left the establishment feeling excluded, humiliated and dejected.

14. Plaintiff has been denied full and equal access by the operator of the Mojo Donuts bake shop and cafe (Defendant Mojo Donuts) and by the owner of the commercial property which houses the bake shop and cafe (Defendant Bird Road Shops).

15. On information and belief, as the owner/operator of a Mojo Donuts bake shop and cafe, Defendant Mojo Donuts is well aware of the need to provide equal access to individuals with disabilities. Defendant Mojo Donuts's failure to reasonably accommodate individuals with disabilities at its Mojo Donuts South Miami location is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

16. On information and belief, as an investor in commercial property, Defendant Bird Road Shops is aware of the ADA and the need to provide for equal access within its commercial property as related to its multiple public accommodation tenants. Therefore, Defendant Bird Road Shops' failure to reasonably accommodate individuals with disabilities is/was willful, malicious, and oppressive and in compete disregard for the civil rights of Plaintiff and in violation of 28 C.F.R. §36.302.

17. Based on the above delineated access impediments, Plaintiff has been denied full and equal access by the operator of the Mojo Donuts bake shop and cafe (Defendant

Mojo Donuts) and by the owner of the commercial property which houses the bake shop and cafe (Defendant Bird Road Shops).

18. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

19. Plaintiff is and has been a customer of Mojo Donuts and continues to desire to return to purchase gourmet donuts and/or test the public accommodation for compliance with the ADA/ADAAG, but Plaintiff continues to be injured in that he is concerned that he will again be humiliated, segregated, and discriminated against due to the architectural barriers and other barriers to access, all which are in violation of the ADA.

20. Any and all requisite notice has been provided.

21. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from Defendants pursuant to 42 U.S.C. §12205.

## **COUNT I – VIOLATIONS OF TITLE III OF THE ADA**

22. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Over thirty years have passed since enactment of the ADA and there is no excuse for public accommodations and places of public accommodation to have failed to comply with the legislation.

23. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

24. Prior to the filing of this lawsuit, Plaintiff personally visited the Mojo Donuts bake shop and cafe located at 8870 SW 40 Street to purchase and eat a donut therein, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, he met barriers to access when exiting his vehicle, when seeking access to the bake shop and cafe's goods and services, and when utilizing the restroom. Therefore, Plaintiff has suffered an injury in fact.

25. Defendant Mojo Donuts and Defendant Bird Road Shops have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Mojo Donuts bake shop and cafe in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

26. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Mojo Donuts bake shop and cafe located at 8870 SW 40 Street.

27. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against disabled patrons in derogation of 28 C.F.R. Part 36.

28. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

29. The commercial space which is owned by Defendant Bird Road Shops houses the subject Mojo Donuts bake shop and cafe which is operated by Defendant Mojo Donuts is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both Defendants are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

   i. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff had difficulty perambulating to the bake shop as the sidewalk from the designated accessible parking space to the front entrance of Mojo Donuts has a broken surface which creates changes in level. This is a violation of the ADAAG in the following sections: Section 4.5 states that ground and floor surfaces along accessible routes, walks, ramps, stairs, and curb ramps, shall be stable, firm, and slip-resistant; Section 4.5.2 states that changes in level between ¼ in and ½ in (6 mm and 13 mm respectively) shall be beveled with a slope no greater than 1:2, and changes in level above ½ in. require a ramp. This is also in violation of ADAAG Section 4.6.3which states that parking access aisles shall be part of an accessible route to the building or facility entrance and shall comply with Section 4.3) and Section 502.4 of the 2010 ADA Standards for Accessible

   Design. Further note that Section 4.3.8 of the ADAAG states that if an accessible route has changes in level greater than ½ in (13 mm), then a curb ramp or ramp must be provided; in this instate case, no ramp has been provided for this level change. This is also a violation of Section 4.3.2(2) of the ADAAG which states: "at least one accessible route shall connect accessible buildings … and spaces that on the same site" and Section 403.5.1 of the 2010 ADA Standards for Accessible Design which states that the clear width of walking surfaces shall be 36 inches (915 mm) long minimum and 36 inches (915 mm) wide minimum.

 ii. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), the indoor seating of the bake shop and cafe did not provide for designated handicapped seating accessible by wheelchair, in violation of 28 C.F.R. Part 36, Section 4.32.4, which states that the height of accessible tables shall be from 28 in to 34 in (710 mm to 865 mm) above the finish floor or ground. The seating is also in violation of 2010 ADA Standards for Accessible Design Sections 226 and 902, which requires that all dining areas be accessible in clear floor/ground space, size and height. Specifically, Section 226.1 requires that, where dining surfaces are provided for the consumption of food or drink, at least five percent (5%) of the seating spaces and standing spaces at the dining surfaces must comply with Section 902. Section 902.2 requires the provision of accessible knee and toe clearance.

 iii. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar does not have the required clearance due to the

        paper towel dispenser placement over the rear wall grab bar. The fact that the seat paper towel dispenser is mounted over the rear wall grab bar impinges on the clearance is a violation of Section 609.3 of the 2010 ADA Standards for Accessible Design.

iv. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the rear wall grab bar is mounted at a non-compliant distance from centerline of the water closet to the centerline of its inner flange. This is a violation of Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5.2 of the 2010 ADA Standards for Accessible Design which states that the rear wall grab bar shall be 36 inches (915 mm) long minimum and extend from the centerline of the water closet 12 inches (305 mm) minimum on one side and 24 inches (610 mm) minimum on the other side.

v. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the water closet does not have the required height to the top of the seat. This is a violation of Section 4.16.3 of the ADAAG which states that the height of water closets shall be 17 in to 19 in (430 mm to 485 mm), measured to the top of the toilet seat, as depicted at Fig. 29(b) of that section.  This is also a violation of Section 604.4 of the 2010 ADA Standards for Accessible Design which states the same dimensions as Section 4.16.3 are required for mounting of toilet seats.

vi. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff could not transfer to the toilet without

assistance, as the required maneuvering clearance was not provided due to the encroaching item (trash can and cabinet), which encroaches over the accessible water closet clear floor space. This is a violation of Section 4.16.2 of the ADAAG (which specifies the amount of space required at an accessible toilet, which includes clear floor space around fixtures) and Section 604.3.1 (water closet clearance shall be 60 inches (1525 mm) minimum measured perpendicular from the side wall and 56 inches (1420 mm) minimum measured perpendicular from the rear wall) of the 2010 ADA Standards for Accessible Design.

vii. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff was exposed to a cutting/burning hazard at the lavatory sink has unwrapped bottom sink pipes, which does not provide the proper insulation or protection for the plumbing under a sink or countertop. This is a violation of Section 4.19.4 of the ADAAG which states that hot water and drain pipes under lavatories shall be insulated or otherwise configured to protect against contact. This is also a violation of Section 606.5 of the 2010 ADA Standards for Accessible Design, because the lavatory pipes are not fully wrapped or maintained.

viii. As to Defendant Mojo Donuts (lessee/operator) and Defendant Bird Road Shops (owner/lessor) (jointly and severally), Plaintiff could not use the lavatory mirror as the lavatory mirror is mounted too high, which is in violation of Section 213.3.5 of 28 C.F.R. Part 36, Section 4.19.6 of the ADAAG, and Section 603.3 of the 2010 ADA Standards for Accessible Design.

30. Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Mojo Donuts bake shop and cafe commercial space located at 8870

SW 40 Street accessible to persons with disabilities since January 28, 1992. Defendants have jointly and severally failed to comply with this mandate.

31. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the bake shop and cafe therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the commercial property owner/lessor Defendant The Shops at Bird Road No 2 and Defendant Mojo Donuts South Miami LLC (the lessee and operator of the Mojo Donuts bake shop and cafe located on that commercial property) and requests the following relief:

a) The Court declare that Defendants have violated the ADA;

b) The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c) The Court enter an Order requiring Defendants to alter the commercial property and the Mojo Donuts bake shop and cafe located at 8870 SW 40 Street such that all areas are accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d) The Court award reasonable costs and attorney's fees; and

e) The Court award any and all other relief that may be necessary and appropriate.

Dated this 6th day of October 2021.

Respectfully submitted,

*/s/ J. Courtney Cunningham*
J. Courtney Cunningham, Esq.

J. COURTNEY CUNNINGHAM, PLLC
FBN: 628166
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
Telephone: 305-351-2014
Email: cc@cunninghampllc.com
*Counsel for Plaintiff*
